700 So.2d 139 (1997)
SUROOR Bin Mohammed Al Nahyan, an Individual, Appellant,
v.
FIRST INVESTMENT CORPORATION, et al., Appellee.
No. 96-2822.
District Court of Appeal of Florida, Fifth District.
October 10, 1997.
T. Todd Pittenger and Terry C. Young of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Denis L. Durkin and Robert W. Thielhelm, Jr. of Baker & Hostetler, Orlando, for Appellee.
ANTOON, Judge.
We have for review the trial court's nonfinal order denying appellant Sheikh Suroor Bin Mohammed Al Nahyan's (Sheikh Suroor) motions to quash substitute service and to dismiss appellee First Investment Corporation's *140 (FIC) second amended complaint for lack of jurisdiction.[1] FIC's second amended complaint fails to set forth sufficient allegations which demonstrate that Sheikh Suroor is amenable to suit in Florida under section 48.181, Florida Statutes (1995). Therefore, the trial court lacks in personam jurisdiction over him, and accordingly, we must reverse.
The instant lawsuit arose out of a contract dispute between two foreign corporations; FIC, a New York corporation and Peccany, Inc., a Delaware corporation. FIC agreed to develop real property which is owned by Peccany and located in Orange County. According to FIC's complaint, all shares in Peccany are owned by Sheikh Suroor who is a citizen and resident of the United Arab Emirates.
When the dispute appeared irreconcilable FIC sued Peccany and Sheikh Suroor. The complaint was amended twice. Two of the eight counts contained in the second amended complaint alleged that Sheikh Suroor was individually liable. In this regard, one count alleged that Sheikh Suroor had breached the written contract for development of the Orlando property, and another count alleged that he had breached an oral contract to pay expenses incurred by FIC incident to the development of the property. The complaint also described actions taken and statements made by Peccany through its sole shareholder, Sheikh Suroor.
Sheikh Suroor was not personally served with process. Instead, FIC utilized our substitute service statutes, sections 48.161 and 48.181, Florida Statutes (1995). These statutes authorize substitute service on individuals "doing business" or "engaged in a business venture" in Florida. Sheikh Suroor moved to quash the substitute service and to dismiss FIC's complaint for lack of jurisdiction, asserting that the complaint
(1) failed to meet the strict procedural requirements for substitute service provided in section 48.161,
(2) failed to include sufficient jurisdictional allegations to satisfy the requirements of section 48.181, and
(3) failed to establish the required connexity between Sheikh Suroor and Florida.
In concluding that reversal is required, we need only address the second argument.
Nonresidents who take advantage of the privilege of engaging in a business or a business venture in Florida are subject to substitute service under section 48.181. This statute provides that a defendant may be subjected to the personal jurisdiction of the state without having been personally served with process if the defendant operates, conducts, engages in, or carries on a business or business venture in Florida, or has an office or agency in Florida, and the cause of action arose from these business activities. See § 48.181(1), Fla. Stat. (1995).[2] However, it is the plaintiff's burden to plead facts which clearly establish the applicability of the long arm statute. Palmer Johnson Yachts v. Ray Richard, Inc., 347 So.2d 779 (Fla. 3d DCA 1977). See also Wartski v. Sencer, 615 So.2d 794 (Fla. 5th DCA 1993). If the jurisdictional allegations are not sufficient, the trial court lacks personal jurisdiction over the defendant. Pelycado Onroerend Goed B.V. v. *141 Ruthenberg, 635 So.2d 1001 (Fla. 5th DCA 1994).
As noted above, FIC's complaint alleged, among other things, that Sheikh Suroor is "sole shareholder of Peccany or is its actual or beneficial owner." The complaint further alleged that Sheikh Suroor was subject to the jurisdiction of the Florida courts because he
(1) held himself out to be the owner of the Orange County real property;
(2) visited Orange County to inspect and evaluate the property's prospects for development;
(3) made payment from his personal funds to suppliers of services for the improvement of the property;
(4) communicated directly with representatives of FIC while in Orange County concerning the development of the property; and
(5) contracted to have services performed in Orange County.
The trial court concluded that these allegations were sufficient to sustain FIC's burden under section 48.181 of alleging that Sheikh Suroor was doing business in Florida. We disagree.
The jurisdictional allegations set forth in FIC's second amended complaint do not establish that Sheikh Suroor operated, conducted, engaged in, or carried on a business or business venture in Florida. At most, these allegations established that Sheikh Suroor acted in furtherance of Peccany's interests in accordance with his role as an agent of the corporation. In order to establish that Sheikh Suroor had subjected himself to personal jurisdiction in Florida, FIC was required to allege facts establishing that Sheikh Suroor had engaged in business activities, apart from his role as an agent of Peccany, and had begun serving his own personal interests. Excel Handbag Company, Inc. v. Edison Brothers Stores, Inc., 428 So.2d 348 (Fla. 3d DCA 1983). No such facts were alleged.
Furthermore, the actions of a corporation cannot be imputed to its shareholders for purposes of establishing long arm personal jurisdiction over the shareholder. See Newberry v. Rife, 675 So.2d 684 (Fla. 2d DCA 1996). Thus, although FIC's second amended complaint refers to Sheikh Suroor as the "sole shareholder" or the "actual or beneficial owner" of Peccany, such references do not constitute sufficient jurisdictional allegations under our long arm statute. See Pluess-Staufer Industries, Inc. v. Rollason Engineering and Manufacturing, Inc., 635 So.2d 1070 (Fla. 5th DCA 1994).
In closing, we recognize that FIC argues that there is authority for extending long arm jurisdiction to nonresident shareholders of corporations doing business in Florida where the shareholder has guaranteed the obligation of the corporation. However, the cases FIC relies upon to support this argument are distinguishable on their facts.
In Odell v. Signer, 169 So.2d 851 (Fla. 3d DCA 1964), the third district determined that two corporate representatives were individually amenable to Florida's long arm jurisdiction. However, in so ruling, the court was clear that its holding was limited to the unique facts of that case. Specifically, two shareholders were initially sued individually for tortious conduct in Florida, and they did not contest the jurisdictional allegation that they transacted business in Florida. They later settled the tort action suit by signing a promissory note in which they agreed to be individually liable. Thereafter, the shareholders defaulted on the note and a second lawsuit was filed against them personally. When the shareholders moved to dismiss the second suit alleging lack of jurisdiction, the third district refused to allow the shareholders to use the corporate shield to dodge the personal jurisdiction which the trial court had obtained by consent in the initial action. Here, there is no claim that Sheikh Suroor ever consented to Florida's jurisdiction over him personally.
In DeMarco v. Cayman Overseas Reinsurance Association, Ltd., 460 So.2d 547 (Fla. 1st DCA 1984), the first district determined that a guaranty agreement in which an individual agreed to guaranty an obligation of a corporation was sufficient to render the individual amenable to the long arm jurisdiction under section 48.181. However, in so ruling, *142 the court pointed out that the individual defendant had executed a written guaranty in Florida while he was a resident of Florida. Accord Compania Anonima Simantob v. Bank of America International of Florida, 373 So.2d 68 (Fla. 3d DCA 1979), cert, denied, 383 So.2d 1192 (Fla.1980); Horace v. American National Bank & Trust Co. of Fort Lauderdale, 251 So.2d 33 (Fla. 4th DCA 1971). Here, although FIC's complaint averred that Sheikh Suroor had orally represented that he would pay the unliquidated costs associated with the development incurred by FIC if Peccany failed to do so, the complaint does not allege that any oral representation was made in Florida.
In summary, the facts alleged in FIC's second amended complaint are insufficient to establish that Sheikh Suroor engaged in any acts which would render him amenable to suit in Florida. Accordingly, we must reverse the order denying Sheikh Suroor's motions to quash substitute service and to dismiss FIC's second amended complaint.
ORDER REVERSED, MATTER REMANDED.
GRIFFIN, C.J., and COBB, J., concur.
NOTES
[1] Review of this order is proper pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure.
[2] Section 48.181, Florida Statutes (1995), provides in relevant part:

48.181 Service on nonresident engaging in business in state.
(1) The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.