GRIFFIN, Chief Judge.
Appellant, James Edward Beasley [“Beasley”], an Alabama resident, seeks review of an interlocutory order of the lower court determining that he is subject to the in personam jurisdiction of the courts of Florida.
Appellee, Diamond R. Fertilizer, Co., Inc., sued appellant, Beasley Packing, Inc. and others arising out of a transaction in which they had supplied various agricultural chemicals. Appellant responded to the complaint filed against him by filing a motion to quash and a motion to dismiss with his supporting affidavit purporting to refute the jurisdictional allegations of the complaint. No counter-affidavit was filed; nevertheless, the lower court denied the motion, apparently on the ground that Beasley was deemed to have the requisite minimum contacts with Florida. As the lower court described it, Beasley “has been advantaged by Florida’s corporation law and it does not offend traditional notions of fair play and substantial justice to require he be required to be hailed into court here.” This ruling was error because the minimum contacts issue is not reached until the statutory basis for long-arm jurisdiction is met. Hete there was no adequate basis for jurisdiction pleaded, and even if it had been adequately pleaded, the appellant’s affidavit was sufficient to refute the allegations.
Appellee contends that it need not have filed any affidavit because the allegations in Beasley’s own affidavit were sufficient to establish jurisdiction. In pertinent part, Beasley alleged:
In the early part of the year 1992, I formed a corporation which was known as Beasley Packing, Inc., a Florida corporation. I formed this corporation at the suggestion or request of my brother-in-law, Mr. John H. Day. This corporation never actually carried on any trade or business, and it was administratively dissolved by the Secretary of State, of the State of Florida, some time in the year 1993. Mr. Day also suggested that Beasley Packing, Inc., open a bank account in the Orange Bank, in Orlando, which was accomplished by the corporation’s depositing approximately $500.00 into that account. No other funds were deposited into that account. No business was ever transacted utilizing the funds in this account, and the account was closed out prior to the filing of this suit.
Appellee contends that the mere formation of the corporation and the opening of a bank account prove “an intent” [presumably on Beasley’s part] to engage in a business venture in Florida sufficient to meet the statutory test for in personam jurisdiction. This is incorrect. The mere formation of a corporation in Florida by a non-resident, and even the conduct of business by the corporation in Florida, do not subject the shareholder to the jurisdiction of Florida courts. See, e.g., Sur *1027 oor v. First Investment Corp., 700 So.2d 139 (Fla. 5th DCA 1997).
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.