869 So.2d 732 (2004)
Albano SEABRA, Appellant,
v.
INTERNATIONAL SPECIALTY IMPORTS, INC., Triunfo Food Import and Export Corp., a foreign corporation, Antonio Seabra, Renato Costa, Isi Brazil, a foreign corporation, and Robert Tavares, jointly and severely, Appellees.
No. 4D03-2718.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
Robert M. Weinberger of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellant.
*733 Steven M. Goldsmith of Steven M. Goldsmith, P.A., and Keith A. Goldbaum of Friedman, Rosenwasser & Goldbaum, Boca Raton, for appellee, International Specialty Imports, Inc.
SHAHOOD, J.
We review the trial court's non-final order denying appellant's motion to dismiss for lack of personal jurisdiction. Because the complaint did not allege sufficient jurisdictional facts to exercise Florida's long-arm jurisdiction over appellant, we reverse the order and remand with directions that the action against appellant be dismissed.
Appellee, International Specialty Imports, Inc. (ISI), filed suit against appellant, in his individual capacity, and others, alleging that the defendants conspired to appropriate confidential corporate information and trade secrets from ISI and used the information to interfere with ISI's business relationships. Appellant moved to dismiss the complaint for lack of jurisdiction and filed a supporting affidavit stating that he resides in New Jersey, does not own or lease any real property in Florida, has no permanent or temporary residence in Florida, does not conduct business in Florida, and has never met with any person employed by ISI or acting on the company's behalf either in Florida or elsewhere.
Appellant's deposition was also submitted. He stated that he is a shareholder in and vice-president of Triunfo Food Import and Export Corp. (Triunfo), a co-defendant, but he has no role in the company. Appellant is employed by Beira Corp. and runs operations for A.J. Seabra Supermarkets, Inc. In the past two years, appellant has been to Florida once for a business trip on behalf of A.J. Seabra Supermarkets. During that trip, he searched for a site on which to open a supermarket. A.J. Seabra Supermarkets is unrelated to Triunfo. In his deposition, appellant admitted that, while in Florida on that trip, he met personally with Renato Costa (Costa), a former employee of ISI and also a defendant in this action.
The standard of reviewing an order dismissing a cause for lack of personal jurisdiction is de novo. Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002). In determining whether a Florida court has personal jurisdiction over a nonresident, two inquiries must be made. See Northwestern Aircraft Capital Corp. v. Stewart, 842 So.2d 190 (Fla. 5th DCA 2003). First, the court must consider whether the complaint alleges sufficient jurisdictional facts to bring the action within the control of Florida's long-arm statute, section 48.193, Florida Statutes (2002), i.e., whether defendant performed any of the acts delineated in the statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). If such facts are alleged, the second inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements of the United States Constitution. Id. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." Taskey v. Burtis, 785 So.2d 557, 559 (Fla. 4th DCA 2001).
In addition, courts are required to strictly construe the long-arm statute. See Camp Illahee Investors, Inc. v. Blackman, 28 Fla. L. Weekly D2672 (Fla. 2d DCA Nov.19, 2003).
In the complaint, appellee alleged that appellant was doing business in Florida, an act which will subject one to personal jurisdiction. See § 48.193(1)(a) (one is subject to personal jurisdiction as a result of "[o]perating, conducting, engaging in, or *734 carrying on a business or business venture in this state or having an office or agency in this state."). Appellant refuted that allegation with the filing of his supporting affidavit, which showed that he visited Florida one time in the past two years for the limited purpose of trying to locate a site for a supermarket. Thus, the burden shifted to appellee to "prove by affidavit the basis upon which jurisdiction may be obtained."[1]Venetian Salami, 554 So.2d at 502 (citing Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976)). Appellee failed to meet its burden of proving that appellant's one-time visit to Florida was sufficient to subject him to personal jurisdiction in Florida. See, e.g., Suroor v. First Inv. Corp., 700 So.2d 139, 140 (Fla. 5th DCA 1997)(holding that allegations that appellant owned property in the state, had visited the state to inspect and develop the property, had paid for services to improve the property, and had contracted to have other services performed in Orange County were insufficient to establish that he was conducting business in the state); see also Beasley v. Diamond R. Fertilizer Co., 710 So.2d 1025, 1026 (Fla. 5th DCA 1998)(rejecting the argument that the formation of a corporation and the opening of a bank account exhibit an intent to conduct business in Florida sufficient to meet the statutory test for in personam jurisdiction).
Moreover, even if appellant's one-time business trip to Florida were sufficient to bring this action within Florida's long-arm statute, appellees did not overcome the second hurdle. The complaint did not allege either connexity between the cause of action and appellant's activities in Florida (specific jurisdiction) or continuous and systematic general business contacts with the forum (general jurisdiction). See, e.g., Am. Overseas Marine Corp. v. Patterson, 632 So.2d 1124, 1127-28 (Fla. 1st DCA 1994)(Specific jurisdiction "requires a causal connection between the defendant's activities in the forum state and the plaintiff's cause of action.... [F]or general jurisdiction to exist, the defendant must be found to have maintained `continuous and systematic general business contacts,' ... `a much higher threshold'").
Other than the one visit to Florida, there was nothing else presented which showed either sufficient minimum contacts or connexity with the lawsuit. Under these circumstances, appellant could not expect to be haled into court in this state and the trial court should have granted his motion to dismiss. See generally Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
Accordingly, we reverse the order denying appellant's motion to dismiss and remand with directions that the complaint against appellant be dismissed.
REVERSED AND REMANDED WITH DIRECTIONS.
STEVENSON and MAY, JJ., concur.
NOTES
[1] Appellees dispute that appellant's affidavit was sufficient to refute the jurisdictional allegations, arguing that, while appellant refuted the allegation of doing business in the state, he did not refute the allegation that he tortiously interfered with appellee's business relationships. This argument is unavailing, however, because the complaint does not allege tortious conduct on the part of appellant that occurred in Florida.