[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

--------------------------------------------

**No. 04-12041**
**Non-Argument Calendar**

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2005
THOMAS K. KAHN
CLERK

**D. C. Docket Nos. 02-61807-CV-JIC & 03-61096-CV-JIC**

**THEODORE KOZIAL and**
**LOIS KOZIOL,**

                                    **Plaintiffs-Appellants,**

   **versus**

**BOMBARDIER-ROTAX GMBH,**
**MOTORENFABRIK, et al.,**

                                    **Defendants-Appellees.**


-------------------------------------------------------------------
**Appeal from the United States District Court**
**for the Southern District of Florida**
-------------------------------------------------------------------

**(April 22, 2005)**

**Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.**

**PER CURIAM:**

Plaintiffs-Appellants Dr. Theodore Koziol and Lois Koziol appeal the dismissal of their product liability action on jurisdictional grounds against Defendants-Appellees Bombardier-Rotax GMBH, Motorenfabrik, ("Rotax), Kodiak Research, Ltd. ("Kodiak"), and Rotech Research Canada, Ltd. ("Rotax"). No reversible error has been shown; we affirm.

Dr. Koziol was a passenger in an "ultralight" home built aircraft piloted by Vincent Vitollo that crashed near Lakewood, New Jersey, on 20 March 1999, shortly after takeoff. The pilot was killed, and Dr. Koziol injured. The aircraft was powered by a Rotax 582-UL engine that was manufactured by Rotax, an Austrian corporation, in Austria. Dr. Koziol alleges that engine failure caused the crash.

The federal district court sitting in Florida granted Defendants' motion to dismiss based on the absence of personal jurisdiction over the Defendants. We review <u>de novo</u> the dismissal of an action for lack of personal jurisdiction. <u>See</u> <u>Alexander Proudfoot Co. World Headquarters v. Thayer</u>, 877 F.2d 912, 916 (11th Cir. 1989). Where, as is the case here, the district court conducts no evidentiary hearing on the motion to dismiss, the plaintiff must establish jurisdictional facts sufficient to withstand a motion for directed verdict. <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990). All undisputed facts in the complaint are accepted as true and where facts are contested the court is to draw all reasonable inferences in favor of the plaintiff. <u>Id</u>. When a defendant submits affidavits or other materials supporting a meritorious challenge to jurisdiction, the burden falls on the plaintiff to produce sufficient evidence to establish jurisdiction. <u>See</u> <u>Jet Charter Service, Inc. v. Koeck</u>, 907 F.2d 1110, 1112 (11th Cir. 1990).

3

Rotax sold the engine involved in the crash to Kodiak, a Bahamian corporation with its principle place of business in Nassau, Bahamas. Kodiak, in turn, sold the engine to South Mississippi Light Aircraft ("South Mississippi"). Kodiak retained Tropix Air Limited, another Bahamian corporation, to ship the engine from the Bahamas to South Mississippi. Tropix Air Limited delivered the engine to Miami, Florida where Tropix Express, Inc., a Florida corporation, received the shipment. Tropix Express, Inc. delivered the engine to South Mississippi. South Mississippi sold the engine to the pilot, Vitollo, and delivered the engine in New Jersey.

Plaintiffs first brought suit in federal district court in New Jersey against Rotax, Kodiak and Rotech, a British Columbia Corporation with its principle place of business in British Columbia. Rotech was not involved in the sale of the engine; but Appellants alleged that Rotech provides technical services, conducts accident investigations and services warranty claims for Rotax engines in

North America. While the New Jersey action was pending, Plaintiffs filed another action in federal district court in the Southern District of Florida against Rotax, Kodiak and Rotech.[1]

Defendants moved to dismiss the suit in New Jersey based on the absence of personal jurisdiction. By order dated 24 April 2003, the motion to dismiss was granted. Instead of appealing the dismissal order, Plaintiffs moved to reopen the New Jersey action and to have the action transferred to the Southern District of Florida.[2] That motion was granted and the action was transferred. The district court for the Southern District of Florida consolidated the transferred action with the other action earlier filed by Plaintiffs.

---

[1]Two other Bahamian corporations and a Bahamian resident were also named, but these defendants were dismissed for failure to attempt to serve. Plaintiffs do not appeal that ruling.

[2]Plaintiffs also sought review of the New Jersey district court orders in this appeal. Appeal of the New Jersey district court orders (i) dismissing based on a lack of personal jurisdiction and (ii) transferring the action to the Southern District of Florida was dismissed by order dated 9 September 2004.

Defendants again moved to dismiss for lack of personal jurisdiction. The district court granted that motion concluding that the exercise of jurisdiction would not comport with traditional notions of fair play and substantial justice. The district court assumed, without deciding, satisfaction of the requirements of Florida's long-arm statute and minimum contacts under the Due Process clause.

A United States district court has personal jurisdiction over a defendant in a diversity action if jurisdiction is conferred by the law of the state in which the court sits. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). Jurisdiction can be either general jurisdiction or specific jurisdiction. If a defendant is subject to the general jurisdiction of the court, the defendant must respond in that court to any cause of action, regardless of where the cause of action arose. General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of

action being litigated.  Id. Specific jurisdiction is founded on a party's activities in the forum that are related to the cause of action alleged in the complaint.  Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000).  The due process contacts requisite to establishing general personal jurisdiction are more exacting than those for specific personal jurisdiction.  Id.; see also Seabra v. Intern'l Specialty Imports, 869 So.2d 732, 734 (Fla.Dist.Ct.App. 2004).  No exercise of jurisdiction, be it general or specific, may offend "traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

Plaintiffs argue that two provisions of Florida law support jurisdiction over Defendants.  First, Plaintiffs maintain that Rotax, Kodiak and Rotech are "engaged in substantial and not isolated activity" within Florida and, therefore, Fla. Stat. § 48.193(2) confers

general jurisdiction in Florida courts.[3]  Second, Plaintiffs contend that the cause of action arose from "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida and, therefore, Fla. Stat. § 48.193(1)(a) subjects  Rotax, Kodiak and Rotech to the specific jurisdiction of Florida courts.[4]

---

[3]Fla.Stat. § 48.193(2)  provides:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

[4]Fla. Stat. 48.193(1)(a) provides:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

The contention that specific jurisdiction is conferred under §48.193(1)(a) requires only brief comment. The crash that caused the injuries to Dr. Koziol occurred in New Jersey. The engine claimed to have caused the crash was manufactured in Austria. The district court found the only contact between the engine and Florida was that it passed through Florida on its way to Mississippi and eventually to New Jersey. No evidence exists that any cause of action arose as a consequence of acts of Defendants that Plaintiffs seek to characterize as "operating, conducting, engaging in, or carrying on a business" in Florida. To establish specific jurisdiction under Florida's long-arm statute more connexity between the cause of action and the foreign corporation's acts must be alleged. See Seabra, 869 So.2d at 734.[5]

---

[5]Plaintiffs' reliance on Vermeulen v. Renault, U.S.A.,Inc., 985 F.2d 1534 (11th Cir. 1993) is misplaced. Vermeulen involved a company that was wholly owned by a foreign state. Jurisdiction was based on 28 U.S.C. § 1330(a), a subject matter jurisdiction provision relating to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11. The United States is the relevant forum for due process analysis under the Foreign Sovereign Immunities Act. Id. at 1553. The cause of action in Vermeulen -- an accident occurring in the United States allegedly caused by defective design and

Plaintiffs also argue that general jurisdiction applies under Florida's long-statute. None of these entities actually maintained a place of business in Florida. But Appellants contend that Lockwood of Sebring, a distributor of Rotax engines in Florida (who is not a named defendant) "is the face of Rotax, Kodiak, and Rotech in Florida."[6] Plaintiffs cite <u>Meir</u>, 288 F.3d at 1276, and <u>Universal Caribbean Establishment v. Bard</u>, 543 So.2d 447, 448 (Fla.Dist.Ct.App. 1989), in support of their claim that Defendants are deemed to be doing business in Florida for purposes of Fla.Stat. § 48.193(2). But those cases involve suits against a corporation that had an affiliated corporation conducting business in Florida. As we stated in Meier:

---

manufacture of the car -- arose from the contacts which supported specific jurisdiction in the United States. In contrast, the contacts through which Plaintiffs seek to hold Defendants amenable to suit in Florida are unrelated to their products liability claim.

[6]Lockwood did not purchase or handle in any way the engine that was in the aircraft in which Dr. Koziol crashed.

> The court may extend jurisdiction to any foreign corporation where the affiliated domestic corporation manifests no separate corporate interests of its own and functions solely to achieve the purpose of the dominant corporation.

288 F.3d at 1273 (internal quotation and citation omitted). Even in cases involving a parent and its subsidiary, courts are reluctant to impute the activities of the subsidiary to the parent when some semblance of independence has been maintained. See <u>Consolidated Dev. Corp.</u>, 216 F.3d at 1293-94. Plaintiffs cite us to no evidence that Lockwood is an affiliate of Rotax, Kodiak or Rotech, that these entities held an ownership interest in Lockwood, or that Lockwood functions solely to achieve the purposes of these corporations. Proffered evidence shows only that Lockwood is a distributor for Rotax and Kodiak. We doubt that Florida would extend the principles articulated in <u>Meier</u> and <u>Universal</u> to subject a foreign corporation to the general jurisdiction of the state under these circumstances.

11

But even if -- as the district court assumed without deciding -- the Florida long-arm statute conferred jurisdiction, we agree with the district court that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

Florida has little interest in providing a forum simply because the product passed through Florida on its way to New Jersey.  The only contact the subject engine had with Florida is that a Florida corporation received shipment of the engine in Florida for delivery to a Mississippi corporation who then delivered the engine to a New Jersey purchaser.  The contact of these international Defendants with Florida in terms of this engine is even more removed.  That the Defendants had other unrelated (albeit still attenuated) contacts with Florida as alleged by Plaintiffs is insufficient to require them to defend in Florida against a claim that arises in another state and has no nexus to those Florida contacts.  We are cited to no case where the exercise of general jurisdiction was found to comport with

12

traditional notions of fair play and substantial justice on contacts as attenuated as the contacts of these Defendants with Florida. Again, the accident occurred in New Jersey and the injured party is a New Jersey resident. The cause of action arose out of and was related to no activity of Defendants in Florida. Cases in which specific jurisdiction was affirmed have no applicability.

On the basis of these facts and in the light of the international context, the district court committed no reversible error when it dismissed for want of personal jurisdiction over Defendants.

AFFIRMED.