CIKLIN, J.
 

 Appellant Diana Reiss appeals the non-final order denying her motion to dismiss appellee Ocean World’s second amended complaint for lack of personal jurisdiction. Because the facts pled in the complaint do not constitute the commission of a tortious act within Florida or otherwise establish the requisite minimum contacts with the state, we reverse.
 

 Ocean World, S.A., a foreign corporation, entered into a contract for the purchase of twelve dolphins from Taiji, Japan, to be delivered to its amusement park in the Dominican Republic. Ocean World also entered into a contract with the Taiji Whale Museum to “cooperate in a friendly exchange to study and conserve [dolphins].” The Taiji Whale Museum obtains its dolphins from a local fishermen’s union which sells as meat any dolphins not selected by an aquarium for training or research.
 

 When the Dominican Republic denied the permit to import the dolphins, Ocean World filed a complaint against Reiss, a nonresident of Florida, and five other defendants who oppose the capture and confinement of dolphins and the slaughter of dolphins by Japanese fishermen. The second amended complaint alleged that Reiss is “actively involved with various activist organizations such as Defendant E.I.I., working nationally and internationally, including in Florida.” The complaint further alleged that Reiss engaged in telephonic communications and in excess of 100 electronic communications with people in Florida to plan, coordinate, and block the exportation of the dolphins to the Dominican Republic. It asserted counts against Reiss for intentional interference with Ocean World’s contract to purchase the dolphins from Japan, its contract with the Taiji Whale Museum, and its business relationship with the Dominican Republic.
 

 The exhibits to the second amended complaint included eight email messages sent from Reiss to codefendant Richard O’Barry, a Florida resident, and one email authored by Reiss and sent to another codefendant. The emails discuss and give updates and developments on attempts to urge the Dominican Republic government not to import the dolphins.
 

 Reiss moved to dismiss the second amended complaint for lack of personal jurisdiction. In support of her motion to dismiss, Reiss submitted an affidavit in which she averred:
 

 
 *406
 
 1. She lives in Connecticut and works in New York;
 

 2. She has never been a Florida resident and has no regular contacts with the state;
 

 3. She has never owned, used, possessed, or held any interests in real or personal property within Florida;
 

 4. She has never sold any products or services, maintained a place of business or office, or had any agents in Florida;
 

 5. She has never been a director or officer of a business having its principal place of business in Florida; and
 

 6. Although she has occasionally visited Florida for business-related matters such as being a presenter at a scientific symposium or conference, none of her visits to Florida had any relationship to the matter for which she was being sued.
 

 Reiss’s attorney also filed an affidavit stating that Ocean World did not have a Certificate of Authority to conduct business within Florida.
 

 After a hearing, the trial court denied the motion. This appeal follows.
 

 In
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499 (Fla.1989), the supreme court articulated a two-step analysis to determine whether personal jurisdiction exits over a nonresident defendant. First, the court must determine whether the complaint satisfies the requirements of Florida’s long-arm statute, section 48.193, Florida Statutes (2007).
 
 Id.
 
 at 502. Second, if the long-arm statute is applicable, the court must determine whether the complaint alleges sufficient minimum contacts to satisfy due process requirements.
 
 Id.
 
 “[Cjourts are required to strictly construe the long-arm statute.”
 
 Seabra v. Int'l Specialty Imps., Inc.,
 
 869 So.2d 732, 733 (Fla. 4th DCA 2004).
 

 A court has specific jurisdiction over a defendant where she “[c]ommit[s] a tortious act within this state.” § 48.193(1)(b), Fla. Stat. (2007). In order to commit a tortious act within this state, a defendant’s physical presence in Florida is not required.
 
 Wendt v. Horowitz,
 
 822 So.2d 1252,1260 (Fla.2002). “[Tjelephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications.”
 
 Id.; see also Acquadro v. Bergeron,
 
 851 So.2d 665 (Fla.2003);
 
 Becker v. Hooshmand,
 
 841 So.2d 561 (Fla. 4th DCA 2003);
 
 Blumberg v. Steve Weiss & Co.,
 
 922 So.2d 361, 364 (Fla. 3d DCA 2006) (for jurisdiction to attach under section 48.193(1)(b), a defendant’s “actions must directly cause injury or damage within the state”). The requirement that the cause of action arise from the communications is necessary in order to satisfy the connexity requirement of section 48.193(1).
 
 Wendt,
 
 822 So.2d at 1260.
 

 The second amended complaint did not allege nor could it have alleged' — based on the facts of this case — -that the tortious interference occurred
 
 within
 
 Florida. This is fatal to Ocean World’s claim. Nothing in the contracts contemplated payment or performance in Florida, nor is Florida mentioned anywhere in the contracts. Any tortious interference with the contracts and business relationships occurred in the Dominican Republic or, alternatively, in Japan, the countries in which the contracts were to be performed.
 

 The electronic communications into Florida did not give rise to a cause of action. Cases interpreting
 
 Wendt
 
 have held that the communication into Florida must be tortious in and of itself, such as defamatory statements or negligent legal advice to a client.
 
 Carlyle v. Palm Beach Polo Holdings, Inc.,
 
 842 So.2d 1013, 1017 (Fla. 4th DCA 2003);
 
 Acquadro,
 
 851 So.2d 665. The email communications did not
 
 *407
 
 constitute tortious interference, especially as the communications were between the codefendants. Ocean World did not and cannot allege that Reiss committed a tort that produced an injury in Florida.
 

 Although it is not necessary to consider the second prong of
 
 Venetian Salami, see Renaissance Health Publishing, LLC v. Resveratrol Partners, LLC,
 
 982 So.2d 739, 741 (Fla. 4th DCA 2008), exercise of jurisdiction over Reiss would not comport with due process. A court can exercise personal jurisdiction only if the nonresident defendant maintains “certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ”
 
 Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd.,
 
 752 So.2d 582, 584 (Fla.2000) (quoting
 
 Int’l Shoe Co. v. Washington,
 
 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Adequate minimum contacts are established if the court finds that “the defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.”
 
 World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). There must “be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.”
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citation omitted).
 

 We reverse and remand with instructions to dismiss the second amended complaint as to Reiss.
 

 POLEN and HAZOURI, JJ., concur: