DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARAMIDE YUSUF,**
Appellant,

v.

**EDISON ILUNGA, BLUE MOON HOOKAH LOUNGE, LLC,** and
**STARFISH TITLE AGENCY, LLC,**
Appellees.

No. 4D2024-1454

[November 19, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael J. McNicholas, Judge; L.T. Case No. 432021CA000771.

Wayne S. Kramer of Midler & Kramer P.A., Fort Lauderdale, for appellant.

Edison Ilunga, Houston, Texas, pro se.

No brief filed for appellee Blue Moon Hookah Lounge, LLC.

No appearance for appellee Starfish Title Agency, LLC.

FORST, J.

Appellant/third-party defendant Aramide Yusuf appeals from the trial court's entry of final judgment against him in favor of Appellee/third-party plaintiff Edison Ilunga, and from the trial court's order denying Yusuf's motion to dismiss Ilunga's third-party complaint for lack of personal jurisdiction. For the reasons that follow, we conclude the trial court erred in denying Yusuf's motion to dismiss for lack of personal jurisdiction. Therefore, we reverse the trial court's final judgment and remand with instructions for the trial court to dismiss Ilunga's third-party complaint for lack of personal jurisdiction over Yusuf.

## Background

In 2021, Starfish Title Agency, LLC, filed a complaint for unjust enrichment against Ilunga and several other defendants. In short, Starfish alleged that it was tricked by a fraudulent email into wiring money that wrongfully ended up in Ilunga's possession. Ilunga, calling himself "a mere unwitting mule in this much grander money laundering scheme" which he blamed on Yusuf, moved to add Yusuf as an indispensable party.

The trial court granted the motion. In October 2022, Ilunga filed the operative second amended third-party complaint for contribution and fraud in the inducement against Yusuf, accusing Yusuf of persuading Ilunga to deposit checks that Yusuf knew had an illicit origin and then wire some of that money to Yusuf's other friends in Texas. The third-party complaint alleges that Yusuf "conspired with several others to commit wire fraud and steal money from [Starfish]" and was "acutely aware of and involved in the crime of wire fraud and money laundering that was taking place in Florida harming Plaintiff Starfish Title which resulted in [Ilunga] being subsequently defrauded by Yusuf and embroiled in this lawsuit and sued." Ilunga attached to his complaint an affidavit attesting, "Yusuf [] knew that the money he was handing me was from a Florida real estate wire transfer he had helped illegally intercept."

Ilunga's third-party complaint did not plead a count for conspiracy, specify what role Yusuf had supposedly played in the Starfish fraud, or specify any communication which Yusuf had allegedly sent into Florida. Notably, Starfish did not sue Yusuf, has never alleged that he was involved in the fraud, and did not include any conspiracy count in its own complaint.

Yusuf moved to dismiss Ilunga's complaint for lack of personal jurisdiction. Noting that both parties are Texas residents and Yusuf has no contacts with Florida, Yusuf argued that Ilunga's complaint and affidavit failed to allege that "anything having to do with these checks occurred in Florida." Yusuf attached to his motion an affidavit attesting, "Anything that occurred between myself and Mr. Ilunga on his behalf or on behalf of his company occurred in Texas. . . . I have no connection to the transaction that occurred in Florida that is the nexus of this case."

In March 2023, the trial court held an evidentiary hearing on Yusuf's motion to dismiss for lack of personal jurisdiction. The trial court subsequently entered an order denying Yusuf's motion. The order contained the following findings of fact and law, in relevant part:

2

[Ilunga] . . . testified that all of the actions he testified to occurred in the State of Texas.

. . .

[Yusuf] acknowledges that all contact with [Ilunga] was in the State of Texas.

. . .

The Court further finds [Ilunga] has alleged sufficient facts to establish [Yusuf] was in ambit of the state's long arm statute for purposes of the motion to dismiss.

Specifically, [Ilunga] alleges he received the funds from [Yusuf] which the parties agreed was traced back to the stolen funds from a Florida transaction.

While **all of the allegations alleged by [Ilunga] occurred in Texas and not in Florida**, physical presence in Florida is not required to "commit a tortious act" for purposes of Florida's long arm statute. [*S*]*ee Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002). Thus the Court finds there are sufficient minimum contacts to subject [Yusuf] to the jurisdiction of this Court under Florida Statute §48.193(1)(a)(2).

(Emphasis added and paragraph numbering omitted). The order contains no findings that Yusuf entered Florida, communicated with any person or entity in Florida, or participated in the original internet fraud against Starfish.

After Yusuf's dismissal motion was denied, he filed an answer and litigation proceeded. Following a non-jury trial in February 2024, the trial court entered final judgment for Starfish on its unjust enrichment claim against Ilunga. The trial court also entered final judgment for Ilunga on his third-party contribution claim against Yusuf, finding Yusuf liable to Ilunga for half the damages which Ilunga owed to Starfish, but in favor of Yusuf on Ilunga's fraudulent inducement count, finding that Ilunga had known the funds had an illicit source and, accordingly, had not been defrauded by Yusuf.

Yusuf timely appealed, raising the trial court's denial of his motion to dismiss for lack of personal jurisdiction as his only issue.

3

## Analysis

"The standard of review of a nonfinal order on a motion to dismiss for lack of personal jurisdiction . . . is de novo as to the court's legal rulings. As for factual findings, the reviewing court defers to the trial court when supported by competent substantial evidence." *Int'l Univ. of Health Scis. Ltd., Inc. v. Abeles*, 299 So. 3d 405, 408 (Fla. 4th DCA 2020) (citations omitted).

> Courts employ a two-step analysis to determine whether personal jurisdiction exists over a nonresident defendant. The first step focuses on the plaintiff's complaint, and whether it alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute.
>
> Under the second step, assuming the complaint is sufficient, the trial court must consider whether the defendant satisfied minimum contacts with Florida such that the exercise of jurisdiction over the defendant complies with due process requirements and does not offend traditional notions of fair play and substantial justice. Both parts of this two-step analysis must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.

*Guarino v. Mandel*, 327 So. 3d 853, 860 (Fla. 4th DCA 2021) (citations and internal quotation marks omitted). This appeal focuses on the first step: whether Ilunga's third-party complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute.

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> . . .
>
> 2. Committing a tortious act within this state.

§ 48.193(1)(a)2., Fla. Stat. (2021). The decisive question in this appeal is thus whether Ilunga's complaint sufficiently alleged a "cause of action arising from" Yusuf "[c]ommitting a tortious act within this state." *See*

4

*Hunt v. Cornerstone Golf, Inc.*, 949 So. 2d 228, 230 (Fla. 4th DCA 2007) ("The determinative issue for this court is not whether Cornerstone has proven that tortious interference actually occurred, but rather whether the tort, as alleged, occurred in Florida.").

Ilunga's third-party complaint does not adequately allege the torts of contribution and fraudulent inducement occurred in Florida. Moreover, the trial court's factual findings, to which we defer, expressly established that **"all of the allegations alleged by [Ilunga] occurred in Texas and not in Florida[.]"** Given that express finding, the trial court erred in holding that Yusuf was subject to long-arm jurisdiction because the funds could be "traced back to the stolen funds from a Florida transaction." Crucially, "a majority of the district courts, including this court, have held that mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a nonresident defendant." *Kaminsky v. Hecht*, 272 So. 3d 786, 788 (Fla. 4th DCA 2019) (citations and internal quotation marks omitted). Instead, the statutory "arising from" language "necessarily focuses analysis not on where a plaintiff ultimately felt damages, but *where a defendant's tortious conduct occurred.*" *Guarino*, 327 So. 3d at 861 (quoting *Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639, 645 (Fla. 4th DCA 2013)).

In applying this analysis to Ilunga's third-party complaint, we note that personal jurisdiction must arise *from the torts which Ilunga alleges Yusuf committed against him.* While Ilunga repeatedly references the separate tort which he claims Yusuf committed against Starfish in Florida and seeks to conflate the two, he does not, and would lack standing to, allege that Yusuf is liable to him for a separate tort committed against a different party. Ilunga's third-party complaint does not allege that Yusuf's contribution or fraudulent inducement harmed Starfish in Florida—it alleges that those torts *harmed Ilunga in Texas* after a separate, unpled tort harmed Starfish in Florida. As Ilunga alleged, the Florida tort "resulted in [Ilunga] being *subsequently* defrauded by Yusuf and embroiled in this lawsuit and sued." (emphasis added). This allegation is insufficient to establish personal jurisdiction over Yusuf in Florida for his all-Texas conduct against a fellow Texas resident.

We recognize that, "in order to 'commit a tortious act' in Florida, a defendant's physical presence is not required." *Wendt*, 822 So. 2d at 1260. However, *Wendt* explains: "'[C]ommitting a tortious act' in Florida under section 48.193(1)([a]) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications. This predicate finding is necessary because of the connexity requirement contained in

section 48.193(1)." *Id.*; *accord Reiss v. Ocean World, S.A.*, 11 So. 3d 404, 406–07 (Fla. 4th DCA 2009) ("The requirement that the cause of action arise from the communications is necessary in order to satisfy the connexity requirement of section 48.193(1). . . . Cases interpreting *Wendt* have held that the communication into Florida must be tortious in and of itself, such as defamatory statements or negligent legal advice to a client." (citations omitted)).

Further, Ilunga's vague and conclusory allegation that Yusuf had "conspired with several others to commit wire fraud and steal money from [Starfish]" does not create personal jurisdiction in Florida on a "co-conspirator theory" because he did not (and Starfish did not) plead a count for conspiracy, nor did he plead with specificity any facts supporting the existence of a conspiracy. *See NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012) ("[A] court will decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants.").

## Conclusion

Accordingly, we reverse the trial court's final judgment and remand with instructions for the trial court to dismiss Ilunga's third-party complaint for lack of personal jurisdiction over Yusuf.

*Reversed and remanded with instructions.*

CIKLIN and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely-filed motion for rehearing.***