---

Frank W. Petro, F. Daniel Petro, Chicago, Ill., for plaintiff.

Robert J. Prendergast, Kenneth J. Wysoglad & Associates, Chicago, Ill., for defendant.

## Estherline PENDLETON

v.

## BURLINGTON NORTHERN, INC.

### No. 91 C 227.

United States District Court,
N.D. Illinois, E.D.

April 25, 1991.

## ORDER

BUA, District Judge.

Plaintiff Estherline Pendleton has filed a FELA action for injuries she allegedly received while operating a pin lifter in the course of uncoupling railroad cars in a Burlington Northern railroad yard. She seeks $900,000 for her injuries.

Defendant has moved to transfer the suit from this district to the Central District of Illinois, Peoria Division. For the reasons stated below, the motion is denied.

28 U.S.C. § 1404(a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In this case, venue is proper in both this forum and the forum where defendant seeks to transfer the case, the Central District of Illinois. The relevant question, then, is whether transfer is more convenient for the parties as well as the witnesses, and in the interests of justice.

The convenience of parties and witnesses appears to favor transfer of the case. Defendant has named three testifying witnesses who reside in the Central District of Illinois. In addition, the site of the events leading to plaintiff's injury is located in the Central District. Plaintiff also resides in the Central District. Although plaintiff has named two doctors from this district who have examined her, she has not indicated whether they will testify at trial.

The interests of justice, though, favor this district. Since plaintiff chose her place of venue pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 56, her choice of this district as the forum court should be given added weight. In addition, a firm trial date has already been set in this court. At the present time, this court has a mere 140 cases on its docket, unlike the backlog of cases in other courts. The parties can be assured, then, of an expeditious trial. Nor has defendant identified any prejudice it would suffer if the case were heard in this district. Defendant has not represented that its witnesses would be unavailable to testify if the action were brought in this district.

Although it is a close question, the court finds that the interests of justice outweigh concerns about the convenience of parties and witnesses. Therefore, defendant's motion to transfer is denied.