609 So.2d 635 (1992)
Marta ARGUETA, Appellant,
v.
SUZUKI MOTOR CO., LTD., Appellee.
No. 91-2371.
District Court of Appeal of Florida, Third District.
September 22, 1992.
Rehearing Denied January 12, 1993.
Jugo & Murphy, Miami, Elizabeth K. Russo and Keith E. Hope, Coconut Grove, for appellant.
Roth, Edwards & Smith and Larry M. Roth, Orlando, for appellee.
Before NESBITT, LEVY and GODERICH, JJ.
PER CURIAM.
The plaintiff below, Marta Argueta, appeals from a final order granting the defendant's motion to dismiss on grounds of lack of personal jurisdiction over the defendant below, Suzuki Motor Co., Ltd. [Suzuki]. We affirm.
On March 26, 1986, in the country of Colombia, the plaintiff, a Colombian resident, was a passenger in her husband's 1982 Suzuki SJ410 when the vehicle rolled over. The vehicle was a product not sold in Florida, but directed to Colombia, and not sold by American distributors. The accident resulted in an injury to the plaintiff's hand.
The plaintiff, alleging she was a resident of Dade County, brought suit in Dade County Circuit Court against Suzuki. She alleged that a design and manufacturing defect had caused the vehicle to have a propensity to roll over. The defendant, a Japanese citizen, invoked its diversity jurisdiction *636 and removed the suit to federal court. While in federal court, the defendant filed a motion to dismiss asserting lack of personal jurisdiction and forum non conveniens. After the taking of discovery, the federal court found the plaintiff to be neither a citizen nor a domiciliary of the State of Florida. Since the federal court found that it had no diversity jurisdiction, the defendant's motion to dismiss was never reached, and the case was remanded to Dade County Circuit Court.
The trial court issued a final order granting defendant's motion to dismiss on grounds of lack of personal jurisdiction. Specifically, the trial court ruled that although plaintiff had made the requisite allegations to meet the requirements of Florida's long arm statute, § 48.193(2), Fla. Stat. (1985), it would be unconstitutional under federal due process analysis to uphold jurisdiction against Suzuki in Florida under that section. Consequently, the trial court never reached the forum non conveniens issue. The plaintiff then filed a motion for rehearing or clarification of the dismissal order. After the motion was denied, the plaintiff filed her appeal.
For the resolution of the instant case, the proper analysis is spelled out in the case law:
In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.
Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989) (quoting Unger v. Publishing Entry Service, Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988)).
Here, the complaint alleges that Suzuki placed its products in the stream of commerce in Florida and Dade County in a continuous and systematic fashion and otherwise distributed and sold products to "persons, firms, and corporations in this state," and that Suzuki "operates, conducts, engages in, and carries on business in this state."
Section 48.193(2), Florida Statutes (1985), provides that a person is subject to the jurisdiction of the courts of this state if the defendant engages in "substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise."
Clearly, the plaintiff alleged sufficient jurisdictional facts to satisfy the statutory requirement of Florida's long arm statute under Section 48.193(2), Fla. Stat. (1985).
[However], a court may acquire personal jurisdiction over a nonresident defendant only if the nonresident defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
Venetian Salami, 554 So.2d at 502 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)).
Thus, under a given factual situation, even though a nonresident may appear to fall within the wording of the long arm statute, a plaintiff may not constitutionally apply the statute to obtain jurisdiction in the absence of minimum contacts with the forum state.
Venetian Salami, 554 So.2d at 502 (citations omitted). "Minimum contacts" may be found if the nonresident defendant's "conduct in connection with the forum state is `such that he should reasonably anticipate being haled into court there.'" Venetian Salami, 554 So.2d at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
In the case below, the record reveals that although Suzuki products may be in Florida, the company had no expectation that the SJ410, a product not sold in Florida but directed to Colombia, not sold by American distributors, and having absolutely no contact with the State of Florida might subject the defendant to a lawsuit in Florida for an accident occurring in Colombia by a Colombian resident with a Colombian vehicle. *637 Under these circumstances, Suzuki could not have reasonably anticipated being haled into a Florida court.
Accordingly, the final order granting the defendant's motion to dismiss on grounds of lack of personal jurisdiction is affirmed.[1]
Affirmed.
NOTES
[1] Our resolution of the first issue is dispositive, and hence, we do not need to address any remaining issues.