701 So.2d 902 (1997)
PAFCO GENERAL INSURANCE COMPANY, as Subrogee of WORLD OFFICE PRODUCTS MANUFACTURING, INC., Appellant,
v.
WAH-WAI FURNITURE COMPANY f/k/a Kong-Luen Trading Company, and Zhong Shan City Jianda Furniture Factory, Appellees.
No. 97-1169.
District Court of Appeal of Florida, Third District.
November 26, 1997.
*903 Donald F. Mintmire, Palm Beach, and Jeffrey A. Shaffer, Palm Beach Gardens, and Paul Safran, Jr., Palm Beach, for appellant.
Sack & Gladstein and Harlan M. Gladstein, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
The appellees are furniture manufacturers based in Hong Kong who, during each year in the early 1990's, sold almost 50,000 office chairs for approximately $1,000,000.00 to World Office Products Manufacturing, Inc., an American distributor located in Miami. Although some were "drop shipped" directly to other locations, the vast bulk of the chairs were transported to Miami for resale and distribution to retailers in Florida and throughout the United States. Many of the chairs proved defective and, as a result, personal injury claims were brought against World Office in various parts of the country. Pafco General Insurance Company, World Office's liability carrier, paid and defended several of them on its behalf, and then, as its subrogee, brought the present action against the Hong Kong enterprises seeking indemnity, contribution, and equitable subrogation, see K-Mart Corp. v. Chairs, Inc., 506 So.2d 7 (Fla. 5th DCA 1987), review denied, 513 So.2d 1060 (Fla.1987), on eleven claimsfour in Florida, three in Texas, two in Louisiana, and one each in California and New York.
After the appellees were personally served in Hong Kong pursuant to section 48.194(1), Florida Statutes (1995),[1] they moved to dismiss for lack of personal jurisdiction. The trial court denied the motion as to the four Florida claims, but granted it as to the seven "foreign" actions. On Pafco's appeal, we reverse the latter portion of the order.
*904 We do so because it is clearindeed, the appellees admitted at oral argument that they were "engaged in substantial and not isolated," that is, continuous and systematic activity in Florida within the meaning of section 48.193(2), Florida Statutes (1995).[2] See Argueta v. Suzuki Motor Co., Ltd., 609 So.2d 635 (Fla. 3d DCA 1992), review denied, 618 So.2d 1367 (Fla.1993); compare Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA 1988), review denied, 531 So.2d 167 (Fla. 1988) and cases cited. They are therefore "subject to the jurisdiction of the courts of this state, whether or not the claim [sued upon] arises from [their Florida] activity." § 48.193(2), Fla. Stat. (1995). It simply does not matter where the claims involved in this case accrued or whether there was any so called "connexity" between them and this state.[3] § 48.193(2), Fla. Stat. (1995); Argueta, 609 So.2d at 635.
We reject the appellees' alternative contention that the order may be sustained under the forum non conveniens doctrine. See River Road Int'l v. Josephthal Lyon & Ross, Inc., 871 F.Supp. 210 (S.D.N.Y.1995); In re Joint Eastern and Southern Districts Asbestos Litigation, 769 F.Supp. 85 (E. & S.D.N.Y.1991); Pendleton v. Burlington Northern, Inc., 761 F.Supp. 1359 (N.D.Ill. 1991); Cambridge Filter Corp. v. International Filter Co., Inc., 548 F.Supp. 1308, 1310 (D.Nev.1982)("Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results."); Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996); Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997); 15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 (1986). See generally 20 Am.Jur.2d Courts § 138 (1995).
Reversed.
NOTES
[1] 48.194 Personal service outside state.

(1) Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.
[2] 48.193 Acts subjecting person to jurisdiction of courts of state.

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
[3] We need not decide whether, assuming the chairs in question were shipped through Florida, the claims "arose" from Florida activity even if the accidents occurred elsewhere.