815 So.2d 702 (2002)
Peter Thomas BAFITIS, Appellant,
v.
Amelia ARA, Appellee.
No. 3D01-1588.
District Court of Appeal of Florida, Third District.
April 17, 2002.
Rehearing Denied May 22, 2002.
Jay M. Levy and Bette E. Quiat, Miami, for appellant.
Whisenand & Turner, James D. Whisenand, Miami, and Suzanne A. Perez, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The former husband, Peter Thomas Bafitis, appeals from a non-final order denying his motion to quash service of process and to dismiss the amended complaint. We affirm in part and reverse in part.
*703 In 1995, the former wife, Amelia Ara, and the former husband entered into a Marital Settlement Agreement [MSA] in Singapore. The MSA, in part, awarded custody of the parties' minor children to the former wife and disposed of the parties' joint property. In 1996, the parties entered into an agreement modifying the MSA regarding their obligation to property located in Paris, France. Thereafter, the parties obtained a final judgment of divorce in Singapore.
From 1997 to 2000, the former wife resided in Miami with the minor children. During this period, the former husband, as required by the MSA, mailed child support payments to the former wife and would visit with the children in Miami. However, the former husband, who is a resident of Connecticut, has never lived in Florida.
The former wife filed a four-count complaint against the former husband in Miami. Count I of the amended complaint sought to set aside the MSA based upon duress, physical abuse, misrepresentation, and concealment; Count II sought to reform the MSA; and Count III sought to rescind the modification agreement based upon fraud, deceit, and coercion.[1]
The former husband filed a motion to quash service of process and to dismiss the amended complaint alleging that the complaint failed to allege sufficient facts to obtain personal jurisdiction over him. In response, the former wife alleged that the trial court had jurisdiction over the former husband pursuant to Florida's long-arm statute, specifically sections 48.193(2) and 48.193(1)(b) and (g). The trial court denied the former husband's motion. This appeal followed.
The former husband contends that the trial court does not have general jurisdiction over him pursuant to section 48.193(2), Florida Statutes (2000).[2] We agree.
In order for a trial court to have general jurisdiction over a defendant pursuant to section 48.193(2), Florida Statutes (2000), the defendant's activity within Florida must be "substantial and not isolated activity," which has been defined as "continuous and systematic." See Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 620 (Fla. 4th DCA 1999); Pafco Gen. Ins. Co. v. Wah-Wai Furniture Co., 701 So.2d 902, 904 (Fla. 3d DCA 1997); Morley v. Lady Allison, Inc., 633 So.2d 1173, 1174 (Fla. 3d DCA 1994); Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089, 1091 (Fla. 3d DCA 1991). A review of the record indicates that the former husband's activities within Florida have not been "continuous and systematic." See Latta v. Latta, 654 So.2d 1043 (Fla. 1st DCA 1995)(holding that the trial court did not have in personam jurisdiction over a non-resident husband under Florida's long-arm statute where the husband's activity within Florida was limited to infrequent trips to visit with the wife); Dunlop v. Dunlop, 564 So.2d 618 (Fla. 4th DCA 1990)(holding that "the act of making child support payments under URESA does not confer personal jurisdiction in an action to modify support."). Therefore, the trial court does not have personal jurisdiction over him pursuant to section 48.193(2).
*704 Next, the former husband contends that the trial court does not have personal jurisdiction over him pursuant to section 48.193(1). We agree.
Section 48.193(1) requires "connexity between a defendant's activities and the cause of action." Woods, 739 So.2d at 620; Pafco General Ins., 701 So.2d at 904. In the instant case, Counts I through III of the amended complaint sought rescission and/or reformation of the MSA and modification agreement as a result of the husband's conduct prior to the former wife's execution of these documents. The MSA and the modification agreement were executed in Singapore and the parties were residing in Singapore when these documents were executed. Further, the parties did not have any contact with Florida until after the parties obtained a final judgement of divorce in Singapore. As such, there cannot be any connection between Florida and the conduct of the former husband alleged in the amended complaint which led the former wife to execute either the MSA or the modification agreement. Therefore, the trial court does not have jurisdiction over the former husband pursuant to section 48.193(1) as to Counts I through III.
Accordingly, we reverse the portion of the order denying the motion to dismiss as to Counts I through III, and affirm the order as to Count IV.
Affirmed in part and reversed in part.
NOTES
[1] The former husband has conceded that the trial court has personal jurisdiction as to the fourth count contained in the amended complaint.
[2] Section 48.193(2), Florida Statutes (2000), provides as follows:

A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.