902 So.2d 968 (2005)
Donald RADCLIFFE, David Sass, Alan Sklar, Arthur Caltrider, and John Lucy III, Appellants,
v.
Stephen GYVES, Richard Francis, James Spero, Bonnie Dalton, Fruins Pharmacy, John Hicks, Pat Patterson, Roger Porter, James Taylor, and Robert Oman, on behalf of themselves and all others similarly situated, Appellees.
No. 4D04-2425.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*970 Lewis F. Murphy and Jonathan B. Butler of Steele, Hector & Davis LLP, Miami, for appellants.
Justin Kam of Feingold & Kam, LLC, Palm Beach Gardens, for appellee.
POLEN, J.
This appeal arises from an interlocutory order denying the Appellants' Motion to Dismiss for Lack of Personal Jurisdiction. The Appellants argue on appeal that the trial court erred when it implicitly exercised personal jurisdiction over them by denying their Motion to Dismiss without comment. We agree and reverse for the reasons that follow.
The Appellants, Donald Radcliffe, David Sass, Alan Sklar, Peter Caltrider and John Lucy, III, collectively referred to as the "Board", are all former officers and/or directors of Pallet Management Systems, Inc. Pallet, a public Florida corporation, manufactures pallet cartons.[1] The Appellees, hereinafter the "Shareholders," are shareholders who purchased stock in Pallet and allege they were victimized by the fraudulent manipulation of the stock price. The Shareholders filed a class action suit against the Board, alleging (I) Gross Negligence, (II) Breach of Fiduciary Duty, and (III) Aiding and Abetting Breach of Fiduciary Duty. Jurisdiction was asserted over the Board, who are not Florida residents, under Florida's long-arm statute.[2]
The Board filed a Motion to Dismiss arguing, among other things, that the trial court lacked personal jurisdiction. Along with this motion, the Board filed individual affidavits contesting the validity of the trial court's long-arm jurisdiction. The Shareholders filed a response asserting that the Board's self-serving affidavits, consisting merely of conclusions of law, were insufficient to shift the burden back to the Shareholders to establish personal jurisdiction. The Shareholders, however, failed to file any counter-affidavits. The *971 trial court held a hearing on this motion and, after hearing argument on the issue, entered an order denying the Motion to Dismiss without any factual findings or legal conclusions.
When a trial court determines personal jurisdiction under Florida's long-arm statute, two inquiries must be made. First, whether the complaint alleges sufficient facts to bring the action within the ambit of one of the various jurisdictional criteria contained in Florida's long-arm statute. For this requirement, a plaintiff may simply track the language of the statute. Second, if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated to satisfy the requirements of federal due process.
Harris v. Shuttleworth and Ingersoll, P.C., 831 So.2d 706, 708 (Fla. 4th DCA 2002) (citations omitted).
The first prong of this analysis, i.e., whether long-arm jurisdiction was properly alleged, involves a shifting burden.
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1.070(i); Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986). By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976). A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Elmex Corp.

Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989). However, the defendant's affidavits submitted in support of a motion to dismiss based on lack of personal jurisdiction "must contain something more than the assertion of legal conclusions." Acquadro v. Bergeron, 851 So.2d 665, 672 (Fla.2003) (citation omitted).
Here, the Shareholders filed a complaint which tracked the language of the long-arm statute and alleged in detail that the Board committed tortious acts in Palm Beach County and that the Board had substantial and not isolated activity in Palm Beach County. See §§ 48.193(1) and 48.193(2), Fla. Stat. In response, the individual Board members/defendants submitted affidavits which included a laundry list of items which were lacking but would otherwise ordinarily establish significant contact with Florida.[3] The affidavits also allege that the Board members have never committed a tortious act in Florida and deny all of the conduct alleged in the Complaint, and specifically any awareness of a purported breach of fiduciary duty. The Shareholders never filed any counter-affidavits.
We find that the Board's affidavits were legally sufficient, in that the affidavits contained a blanket denial of all of the extensive and specific factual allegations in *972 the Complaint. Likewise, although the legal conclusions that that the individual Board members never committed a tortious act in Florida and have no reasonable expectation of being haled into court in Florida is insufficient alone to shift the burden back to the Shareholders, the legal conclusions, in conjunction with the factual denials, were sufficient.[4]See Acquadro. Therefore, we find that the Shareholders failed to meet their burden on rebuttal of alleging long-arm jurisdiction, or establishing minimum contacts, by filing counter-affidavits. We are unpersuaded by their argument that the burden never shifted back to them. Likewise, we find the Shareholders' reliance on Acquadro to be misplaced. See Shoppers Online, Inc. v. E-Pawn, Inc., 792 So.2d 615, 617 (Fla. 4th DCA 2001) ("The failure of a plaintiff to refute the allegations of the defendant's affidavit requires that a motion to dismiss be granted, provided that the defendant's affidavit properly contested the basis for long-arm jurisdiction by legally sufficient facts.") (quoting Washington Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 840 (Fla. 4th DCA 1997)).
We also find that the Board lacked sufficient minimum contacts with the State of Florida to satisfy due process. Harris, 831 So.2d at 708. The Florida Supreme Court has stated:
A court may acquire personal jurisdiction over a nonresident only if the nonresident has minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.... The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts. We do recognize, however, that implicit within several of the enumerated circumstances are sufficient facts which if proven, without more, would suffice to meet the requirements of International Shoe Co. [v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)].
Venetian Salami, 554 So.2d at 502.
The Court's minimum contacts test is not formulaic or talismanic. On the contrary, at the focus of its inquiry is foreseeability. This is not, however, merely the foreseeability of causing injury in another State. Instead, foreseeability inheres in the defendant's purposefully availing himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. At its core, then, the minimum contacts involves some degree of reciprocity. See International Shoe, 326 U.S. at 319 [66 S.Ct. 154] ("The exercise of [the privilege of conducting activities in a state] may give rise to *973 obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the [defendant] to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.").
Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc., 896 F.Supp. 1190, 1193-94 (M.D.Fla.1995).
Once the corporate shield doctrine is validly invoked, the overwhelming majority of the Board's contact with Florida is overlooked, much like the analysis of general jurisdiction under section 48.193(2). Accordingly, the only basis for minimum contact with Florida is their sporadic or occasional family vacations, which we find to be insufficient. See Seabra v. Int'l Specialty Imps., Inc., 869 So.2d 732, 734 (Fla. 4th DCA 2004); Bafitis v. Ara, 815 So.2d 702, 703 (Fla. 3d DCA 2002); Elmlund v. Mottershead, 750 So.2d 736, 737 (Fla. 3d DCA 2000); Musiker v. Projectavision, Inc., 960 F.Supp. 292 (S.D.Fla.1997).
As the Shareholders have failed to meet both prongs of the long-arm jurisdiction analysis, we consequently reverse the trial court's denial of the Motion to Dismiss without prejudice to any subsequent amended complaint. See Hewitt v. Taffee, 673 So.2d 929, 933 (Fla. 5th DCA 1996) ("Where plaintiffs have alleged insufficient facts to establish jurisdiction and the court has ruled prior to an evidentiary hearing, appellate courts have reversed and remanded for the trial court to permit the plaintiff to amend.").
Reversed.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] High durability foldable cardboard boxes.
[2] § 48.193, Fla. Stat.
[3] The affidavits provided that the Board's individual members do not: (1) own or lease property in Florida; (2) have a telephone listing or mailing address in Florida; (3) have Florida bank accounts; (4) have any Florida property tax liability; (5) have any Florida registered vehicles or a Florida Driver's License; (6) hold any professional licenses in Florida; (7) vote in Florida; (8) conduct any personal business in Florida; and (9) travel to Florida except to occasionally attend Pallet board meeting and personal vacations. (Apx. 3-7).
[4] The Board also successfully invokes Florida's corporate shield doctrine to further avoid specific jurisdiction under section 48.193(1)(b). Although the Shareholders allege that the Board committed intentional willful acts, the Board's sworn affidavits, which were never rebutted by the Shareholders, denied such willful acts thereby rendering the corporate shield doctrine fully applicable. See Doe v. Thompson, 620 So.2d 1004 (Fla.1993); Oesterle v. Farish, 887 So.2d 412, 415 (Fla. 4th DCA 2004).

Additionally, the corporate shield doctrine negates most of the alleged general jurisdiction under section 48.193(2). Any activity in one's capacity as a corporate officer or director is exempted. See Doe, 620 So.2d 1004. Therefore, the only basis for general jurisdiction against the individual board members is their sporadic or occasional family vacations, which we find to be insufficient. See Seabra v. Int'l Specialty Imps., Inc., 869 So.2d 732, 734 (Fla. 4th DCA 2004); Bafitis v. Ara, 815 So.2d 702, 703 (Fla. 3d DCA 2002); Elmlund v. Mottershead, 750 So.2d 736, 737 (Fla. 3d DCA 2000); Musiker v. Projectavision, Inc., 960 F.Supp. 292 (S.D.Fla.1997).