925 So.2d 353 (2006)
Roch CARTER, Appellant,
v.
The ESTATE OF Elizabeth P. RAMBO, Etc., Appellee.
No. 5D05-250.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
Rehearing Denied April 7, 2006.
*354 James B. Thompson, Jr., and Heather C. Goodis of Thompson, Goodis, Thompson, Groseclose & Richardson, P.A., St. Petersburg, for Appellant.
Susan B. Morrison of Law Office of Susan B. Morrison, P.A, Tampa and Bennie Lazzara, Jr., of Wilkes & McHugh, P.A., Tampa for Appellee.
PALMER, J.
Roch Carter appeals the trial court's non-final order denying his motions to quash service of process and to dismiss this action. Concluding that the Estate of Elizabeth P. Rambo (Rambo) failed to establish personal jurisdiction over Carter, we reverse.[1]
Rambo filed suit against numerous defendants, including Carter, for injuries allegedly caused by the negligent operation of a nursing home. In the complaint, Carter is described as being a managing member of Partner's Health Group-Florida, LLC (LLC), the entity which operated the nursing home. The complaint alleges that Carter breached or failed to perform the duties of a managing member of the LLC and that said breach or failure constituted recklessness or an act of omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of the rights of others.
Carter filed motions to quash service of process and to dismiss the complaint, arguing that the trial court lacked personal jurisdiction over him. In support of the motions, Carter filed an affidavit asserting that he did not have sufficient minimal contact with the State of Florida to establish personal jurisdiction.
Carter also filed a deposition in support of his motion. In that deposition, Carter admitted that he filed uniform business reports with Florida for the LLC; however, he claimed that he signed the reports in error. A certification at the bottom of the reports set forth as follows:
I further certify that the information indicated on this report is true and accurate and that my signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by chapter 608 Florida statutes.
Carter stated that he was authorized to sign on behalf of the company, but knew he was not a managing partner.
The trial court denied Carter's motions on the basis that Carter had signed the uniform business reports filed with Florida as a managing member. The trial court explained as follows:
COURT: Okay. Guys, I think when you sign under oath that you're a manager or managing member, that you get personal jurisdiction. Now, that doesn't foreclose his ability to go in and show that he wasn't to a jury. *355 But as far as getting personal jurisdiction, I think it's denied. I think you got it.
Carter appeals, arguing that the trial court erred in so ruling because Rambo failed to demonstrate a basis for Florida to have personal jurisdiction over him. We agree.
The question in this appeal is whether the courts in Florida can obtain personal jurisdiction over non-resident Carter in his individual capacity. Two inquiries must be made when deciding whether personal jurisdiction exists over a nonresident: (1) the complaint must allege sufficient facts to bring the action within the ambit of one of the various jurisdictional criteria contained in Florida's long-arm statute, and (2) if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated that satisfy the requirements of federal due process. Law Offices of Sybil Shainwald v. Barro, 817 So.2d 873 (Fla. 5th DCA 2002). The first prong of this analysis, involves a shifting burden:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla. R.Civ.P. 1.070(i); Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986). By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976). A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Elmex Corp.

Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
Here, Rambo filed a complaint which tracked the language of Florida's long-arm statute and alleged in detail that Carter was an individual doing business in Florida, that he operated a nursing home during Rambo's residence, and that he had committed tortious acts while in Florida. See § 48.193(1)(a)(b) & (2), Fla. Stat. (2003).[2] In response, Carter submitted an affidavit stating that: (1) he was not a resident of Florida; (2) he did not have any significant personal business interests in Florida; (3) he was not a managing member of the LLC; (4) he was the general counsel and an officer of Extendicare Health Services, Inc; (5) Extendicare *356 Health Services, Inc., at no time established, managed, operated or maintained the nursing home involved in this matter, or provided care to Elizabeth P. Rambo; (6) Extendicare Health Services, Inc., at no time established, managed, operated or maintained a nursing home in Florida, or provided care to Elizabeth P. Rambo; and, (7) he at no time established, managed, operated or maintained the nursing home or provided care to Elizabeth P. Rambo.
Since Carter's affidavit expressly contested each of Rambo's allegations, the burden shifted back to Rambo to prove the alleged basis for personal jurisdiction over Carter. To meet its burden, Rambo relied on Carter's deposition testimony and the authenticated business records attached as exhibits to the deposition. However, Carter maintains that those records only prove that he was acting as a corporate officer and that he is not subject to personal jurisdiction for his activities as a corporate officer, citing to the corporate shield doctrine.
The corporate shield doctrine draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C., 821 So.2d 1183 (Fla. 4th DCA 2002). Under the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director. Radcliffe v. Gyves, 902 So.2d 968 (Fla. 4th DCA 2005).
Here, Rambo presented no evidence indicating that Carter personally operated a nursing home in Florida or that he personally committed any tortious acts against Rambo in Florida. The deposition evidence indicates that Carter's only contact with Florida was that he signed business reports as a managing member of an LLC in his representative capacity. Furthermore, Rambo also failed to demonstrate that Carter had sufficient "minimum contacts" with Florida to establish personal jurisdiction over him. Accordingly, the trial court erred in denying Carter's dismissal motion. See Doe v. Thompson, 620 So.2d 1004 (Fla.1993)(holding that under long-arm jurisdiction statute, personal jurisdiction did not exist over nonresident defendant who was president of corporation which did business in Florida; president stated he did not personally operate business, commit tortious act or cause injury in Florida, and his purportedly negligent actions were not alleged to have been taken outside his duties as corporation's president and chief executive officer).
REVERSED and REMANDED.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rule 9.130(a)(3)(C)(i) of the Florida Rules of Appellate Procedure.
[2] Section 48.193 of the Florida Statutes provides:

48.193. Acts subjecting person to jurisdiction of courts of state
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
* * *
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
§ 48.193(1)(a)(b) & (2), Fla. Stat. (2003).