933 So.2d 1214 (2006)
Brian SIMS, Appellant,
v.
Kevin O'LEARY and Kathleen O'Leary, his wife, Appellees.
No. 4D05-3882.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
Rehearing Denied August 16, 2006.
Joseph L. Mannikko of Mannikko & Baris, Palm City, for appellant.
Leif J. Grazi of Grazi & Gianino, Stuart, for appellees.
KLEIN, J.
Plaintiffs, who are the appellees, sued Congruent Construction LLC and Brian Sims, alleged that they paid a deposit to Congruent to install a new roof on their home and Congruent failed to perform. Defendant Sims appeals a non-final order *1215 denying his motion to dismiss for lack of personal jurisdiction, and we reverse.
The complaint alleges that Congruent is a Washington limited liability company, and that Brian Sims resides in the State of Washington. After the hurricanes of September 2004, Sims, as owner of Congruent, employed Paul W. Nixon, Jr. to operate the roofing business of Congruent in Florida, pursuant to a state order authorizing temporary roofing contractors. Plaintiffs entered into a contract with Congruent for replacement of their roof and paid a fifty percent deposit with which Nixon absconded. Although Sims is not a party to the contract, plaintiffs alleged that Sims negligently hired Nixon without investigating his background, which would have revealed past criminal acts, and that Sims's negligence caused the plaintiff's damages.
Plaintiffs attached to the complaint a letter on Congruent stationery, which Sims signed as owner of Congruent. The letter was addressed to "To whom it may concern" and stated that Sims, as the owner of Congruent, had employed Nixon to repair roofs for Congruent in Florida. The letter further advised that Nixon, with no authorization from Congruent, had opened a bank account in Florida for Congruent and used the account to cash customers' deposit checks. Sims explained that he had subsequently discovered that Nixon has a criminal past with arrest warrants outstanding and may still be operating in the community but that he was not now associated with Congruent.
Sims argued in his motion to dismiss for lack of personal jurisdiction that there were no allegations in the complaint alleging personal jurisdiction which could bring Sims within the Florida Long-Arm Statute, section 48.193, Florida Statutes (2004).
The first inquiry, in determining whether long-arm jurisdiction is appropriate, is whether the complaint alleges sufficient jurisdictional facts to demonstrate jurisdiction under the long-arm statute. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582 (Fla.2000); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). The only conclusion which can be drawn from the facts alleged in this complaint, including the attached letter, is that Sims was acting solely on behalf of Congruent, and not on his own behalf. Sims is accordingly not liable under the corporate shield doctrine. Radcliffe v. Gyves, 902 So.2d 968 (Fla. 4th DCA 2005); Carter v. Estate of Rambo, 925 So.2d 353 (Fla. 5th DCA 2006).
This case is distinguishable from Oesterle v. Farish, 887 So.2d 412 (Fla. 4th DCA 2004), because in Oesterle the complaint alleged that the managing agent of a Delaware limited liability company had, at plaintiff's request, come to Florida and "personally guaranteed" that certain conditions pertinent to plaintiff's contract with the company would be carried out. In the present case, neither the complaint nor the attached letter contained any allegations which could have made Sims personally subject to the jurisdiction of a Florida court. We accordingly reverse.
POLEN and SHAHOOD, JJ., concur.