961 So.2d 368 (2007)
Robert EDELSTEIN and Lowey, Stolzenberg & Edelstein, LLP, a New York limited liability partnership, Appellants,
v.
MARLENE D'ARCY, INC., a Florida corporation and as a derivative of CN Venture, LLC, a Florida limited liability company, Appellees.
No. 4D06-4007.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Charles J. Meltz of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for appellants.
*370 Howard N. Kahn of Kahn & Chenkin, Davie, for appellees.
WARNER, J.
The trial court denied a motion to dismiss for lack of personal jurisdiction filed by a New York accountant and his accounting firm in a suit involving a dispute between two partners in a Florida business venture for which the accountant and his firm provided professional services and for which the accountant acted as treasurer. As the complaint alleged that the accountant and the firm engaged in tortious conduct occurring in Florida, we conclude that both parties are subject to the jurisdiction of the Florida court.
Marlene D'Arcy, Inc. and CN Venture, LLC sued Peter Coppola and others, including appellants Robert Edelstein and Lowey, Stolzenberg & Edelstein, LLP ("LS & E"), alleging several causes of action arising out of CN Venture, whose partners were D'Arcy and PDC Enterprises, whose sole shareholder was Coppola. PDC withdrew from the venture, and Coppola sold his interest to D'Arcy. D'Arcy alleged that Coppola and others misinterpreted or violated the regulations governing the venture to the detriment of D'Arcy. These allegations turned into counts for breach of the regulations, conversion, and conspiracy. As to Edelstein and his accounting firm, D'Arcy alleged that they had failed to follow the regulations, assisted Coppola in improperly obtaining monies from CN Venture, and failed to pay D'Arcy monies allegedly due. The complaint alleged claims for conversion and conspiracy. It also alleged a count for accounting malpractice.
Edelstein and his accounting firm moved to dismiss the complaint for lack of personal jurisdiction. The motion and accompanying affidavits of Edelstein and LS & E stated that Edelstein, a resident of New York, is a certified public accountant licensed to practice in New York and is a partner with LS & E, a New York limited liability partnership. Edelstein performed limited accounting services for CN Venture, including the preparation of tax returns and bookkeeping services. He attended several meetings held by the principals of CN Venture in New York. Edelstein is not a registered agent, officer, or director of CN Venture. Edelstein's affidavit stated that less than one percent of his annual billable time was spent performing services to CN Venture, and fees paid by CN Venture were less than one percent of his gross billed revenue. The affidavit also set forth specific facts supporting the contention that he has no other business or personal contacts with Florida. LS & E's affidavit contained similar statements, except LS & E stated that less than two percent of its work is done on behalf of Florida residents and less than two percent of its receivables are generated by work done on behalf of Florida residents. The motion and affidavits did not deny or provide any facts relative to the allegations of tortious conduct contained in the complaint.
D'Arcy filed an affidavit of its president stating that Edelstein was treasurer of CN Venture and an authorized signatory on CN Venture's bank account. Edelstein and LS & E prepared CN Venture's income tax returns and performed bookkeeping duties. The affidavit also discussed telephone calls between Edelstein and the president of D'Arcy, who lived in Florida, which form the factual basis for the complaint's allegations of conversion, conspiracy, and accounting malpractice. D'Arcy also relied on another affidavit filed by Edelstein in another matter on behalf of CN Venture in which Edelstein stated, "CNV has no New York presence whatsoever."
*371 The trial court denied the motion, concluding that the complaint provided specific allegations of tortious conduct against Edelstein and his corporation. Because Edelstein had an ongoing relationship with a Florida business venture and acted as its treasurer, Edelstein and his firm had minimum contacts with the state. From this order Edelstein and LS & E appeal.
We review the trial court's denial of the motion to dismiss for lack of personal jurisdiction de novo. See Wendt v. Horowitz, 822 So.2d 1252, 1256-57 (Fla. 2002). In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); see also Wendt, 822 So.2d at 1257. If the requirements of the first prong are met, the next inquiry is whether sufficient "minimum contacts" are demonstrated. The first prong of the analysis (whether the complaint alleges sufficient jurisdictional facts) involves a shifting burden. Radcliffe v. Gyves, 902 So.2d 968, 971 (Fla. 4th DCA 2005).
"Initially, the plaintiff may seek to obtain jurisdiction over a nonresident by pleading the basis for service in the language of the statute without pleading the supporting facts." Venetian Salami, 554 So.2d at 502. "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." Id. "[T]he defendant's affidavits submitted in support of a motion to dismiss based on lack of personal jurisdiction `must contain something more than the assertion of legal conclusions.'" Radcliffe, 902 So.2d at 971 (quoting Acquadro v. Bergeron, 851 So.2d 665, 672 (Fla.2003)).
Section 48.193, Florida Statutes, the long-arm statute of this state, provides in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
§ 48.193(1)(a) & (b), Fla. Stat.
D'Arcy and CN Venture's complaint raised causes of action for conversion, conspiracy, and accounting malpractice (which involves a breach of fiduciary duty) against Edelstein and LS & E. The affidavits of Edelstein and LS & E discuss pertinent facts relating to jurisdiction under section 48.193(1)(a) and whether Edelstein and LS & E do business in Florida or have any Florida contacts. However, nowhere in their affidavits do Edelstein or LS & E dispute the complaint's allegations that they committed tortious acts in Florida.
The complaint specifically alleged that Edelstein conspired with Coppola and others to convert monies to their use and benefit by misappropriating CN Venture's funds to Coppola in Florida. The conversion occurred in Florida, because that is where Coppola acquired the money. A conspiracy to commit a tortious act in *372 Florida can subject a non-resident defendant to jurisdiction in this state. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000), cert. denied, 531 U.S. 818, 121 S.Ct. 58, 148 L.Ed.2d 25 (2000). As Edelstein's affidavit did not address jurisdiction under section 48.193(b), the affidavit is legally insufficient to contest the jurisdictional basis of the tort counts. Thus, the first jurisdictional test under Venetian Salami is met.
As to minimum contacts, we agree with the trial court that minimum contacts are shown. The test is whether "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Edelstein was treasurer of CN Venture as well as its accountant. He prepared the venture's tax returns and performed bookkeeping services. This relationship was not fleeting but ongoing. According to the complaint, his directions and advice resulted in the conversion of millions of dollars from CN Venture to Coppola, for whom Edelstein also served as an accountant. The intentional torts of conspiracy and conversion, and an accounting malpractice claim which amounted to a breach of fiduciary duty, were all aimed at a Florida resident, D'Arcy. Under such circumstances, we conclude that due process is met. See Allerton v. State Dep't of Ins., 635 So.2d 36, 39 (Fla. 1st DCA 1994); see also State, Office of Attorney Gen., Dep't of Legal Affairs v. Wyndham Int'l, 869 So.2d 592, 600 (Fla. 1st DCA 2004). For this reason also, the "corporate shield doctrine" does not apply as the corporate officer himself is alleged to have committed intentional torts expressly aimed at Florida. Allerton, 635 So.2d at 40.
Because both tests of Venetian Salami are met, we affirm the trial court's ruling.
GROSS and TAYLOR, JJ., concur.