PER CURIAM.
This court sm, sponte consolidates these three cases.
We affirm the non-final order denying appellants’ motion to dismiss for lack of personal jurisdiction in all respects but one. With regard to Brenda Lawson, we find that her investment in Advance America, Cash Advance Centers of Florida, Inc. and operation of a lending company purchased by Advance America, Cash Advance Centers of Florida, Inc. did not produce sufficient minimum contacts with Florida to support personal jurisdiction over her. We reject the individual appellants’ assertion of the corporate shield doctrine because there is a sufficient basis to bring this case under the fraud or intentional misconduct exception to the doctrine. See Doe v. Thompson, 620 So.2d 1004, 1006 n. 1 (Fla.1993); Edelstein v. Marlene D’Arcy, Inc., 961 So.2d 368 (Fla. 4th DCA 2007). Nothing in this brief opinion addressing personal jurisdiction should be construed as a ruling on the viability of any claim or defense.

Affioyned, in part, reversed, in part, and remanded.

GROSS, C.J., FARMER and CIKLIN, JJ., concur.