MORRIS, Judge.
 

 Two Worlds United (“Two Worlds”) appeals an order dismissing its complaint against Roel Zylstra for lack of personal jurisdiction. For the reasons discussed below, we affirm the order of dismissal.
 

 I. Facts
 

 Two Worlds, a Florida not-for-profit corporation whose principal place of business is in Tampa, filed suit alleging that Zyls-tra, a California resident, and other defendants posted defamatory statements on a website owned and operated by Zylstra. Two Worlds alleged the following causes of action against Zylstra: defamation, tor-tious interference, civil conspiracy, and negligent blogging. In response to the complaint, Zylstra filed a motion to quash service of process and to dismiss, asserting that Zylstra is not a resident of Florida. That same day, Zylstra filed a motion for attorney’s fees pursuant to section 57.105, Florida Statutes (2007). Zylstra then filed an amended motion to dismiss, asserting lack of personal jurisdiction, which was accompanied by an affidavit from Zylstra. In opposition, Two Worlds relied upon an affidavit of a legal assistant from a law firm in California and the depositions of Zylstra and defendant Richard Jackson. The trial court granted Zylstra’s motion to dismiss “[ajfter reviewing the affidavits, materials and memoranda on file and after hearing argument of counsel.”
 

 II. Analysis
 

 A.
 
 A motion for attorney’s fees under section 57.105 does not waive the defense of lack of personal jurisdiction.
 

 On appeal, Two Worlds first claims that Zylstra waived his objection to personal jurisdiction by seeking affirmative relief by virtue of his motion for attorney’s fees. A defendant waives an objection to personal jurisdiction by going beyond matters of defense and by seeking affirmative relief from the trial court.
 
 See Babcock v. Whatmore,
 
 707 So.2d 702, 704 (Fla.1998). But here, Zylstra did not seek affirmative relief. Rather, Zylstra filed a defensive motion for attorney’s fees as sanctions against Two Worlds for filing suit against him when the Florida court lacked jurisdiction over him.
 

 
 *1177
 
 A motion for fees pursuant to section 57.105 directly relates to the opposing party’s cause of action and is substantively defensive in nature because it seeks to dissuade the opposing litigant from proceeding with allegedly frivolous litigation.
 
 See Dep’t of Highway Safety & Motor Vehicles v. Salter,
 
 710 So.2d 1039, 1041 (Fla. 2d DCA 1998) (“The purpose of [section 57.105] is to dissuade litigants and attorneys from pursuing ‘baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag ... on losing parties who engage in these activities.’” (quoting
 
 Whitten v. Progressive Cas. Ins. Co.,
 
 410 So.2d 501, 505 (Fla.1982)));
 
 see also Heineken v. Heineken,
 
 683 So.2d 194, 197-98 (Fla. 1st DCA 1996) (holding that request for attorney’s fees incurred in prosecuting motion to dismiss for lack of personal jurisdiction was a defensive-in-nature request and did not seek affirmative relief and therefore did not serve to waive objection to personal jurisdiction). Because a motion for fees in this case was defensive and did not seek affirmative relief, the defense of lack of personal jurisdiction was not waived when Zylstra filed the motion.
 

 B.
 
 Two Worlds did not establish personal jurisdiction over Zylstra
 

 Two Worlds also contends on appeal that the Florida court has personal jurisdiction over Zylstra under the long-arm statute because Zylstra committed tortious acts within Florida,
 
 see
 
 § 48.193(l)(b), Fla. Stat. (2007), and because, alternatively, Zylstra’s contacts within Florida are extensive and ongoing,
 
 see
 
 § 48.193(2). Two Worlds further argues that Zylstra maintains minimum contacts in Florida so as to satisfy due process requirements for long-arm jurisdiction.
 

 Once a nonresident defendant files an affidavit contesting the allegations contained within a complaint concerning personal jurisdiction, as Zylstra did in this case, the burden shifts to the plaintiff to prove by affidavit the basis for personal jurisdiction.
 
 See Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989). If the affidavits can be reconciled or harmonized, the trial court can decide the matter without the need for an evidentiary hearing.
 
 Id.
 
 at 503. Neither party has argued that the trial court should have held an evidentiary hearing in this case. Our review of the trial court’s order of dismissal for lack of personal jurisdiction is de novo.
 
 Wendt v. Horowitz,
 
 822 So.2d 1252, 1256 (Fla.2002).
 

 In order to establish personal jurisdiction over a nonresident defendant, a plaintiff must satisfy a two-part test. The first part of the test is whether the complaint alleges sufficient jurisdictional facts to satisfy Florida’s long-arm statute, section 48.193.
 
 Internet Solutions Corp. v. Marshall,
 
 39 So.3d 1201, 1207 (Fla.2010) (citing
 
 Wendt,
 
 822 So.2d at 1257). The second part of the test is whether it has been demonstrated that the defendant has had sufficient minimum contacts with Florida to satisfy due process requirements “such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ”
 
 Id.
 
 (quoting
 
 Wendt,
 
 822 So.2d at 1257).
 

 As to the first prong of the test, Two Worlds first relies on the specific long-arm jurisdiction set forth in section 48.193(l)(b), which requires that the defendant personally committed a tortious act within the state. The relevant, unrefuted sworn testimony was that Zylstra denied personally owning the website in question but admitted to being the sole stockholder of Global Notion, Inc., the corporation which owns the website. Zylstra also denied personally placing any postings on the website regarding Two Worlds and denied
 
 *1178
 
 committing any tortious act against Two Worlds. Two Worlds filed the affidavit of a legal assistant in a California law firm, in which she offered hearsay evidence that Global Notion, Inc., had a suspended business license. But there was no evidence regarding what “suspended” legally means in the context of California law or that the corporation was dissolved. The corporate shield doctrine applies here to shield Zyls-tra from being haled into court based on personal jurisdiction because he denied committing the alleged negligent and intentional acts and Two Worlds did not rebut Zylstra’s sworn affidavit.
 
 See Doe v. Thompson,
 
 620 So.2d 1004, 1006 (Fla.1993) (holding that corporate shield doctrine protects a defendant from being haled into court in an out-of-state forum for alleged negligent acts committed within scope of defendant’s capacity as corporate officer or employee);
 
 Radcliffe v. Gyves,
 
 902 So.2d 968, 972 n. 4 (Fla. 4th DCA 2005) (holding that corporate shield doctrine was fully applicable, although plaintiffs alleged defendants “committed intentional willful acts,” where defendants’ sworn affidavits denied those acts and plaintiffs never rebutted defendants’ sworn affidavits).
 

 Two Worlds claims that the recent holding in
 
 Marshall
 
 applies to the instant case to establish Two Worlds’ compliance with section 48.193(l)(b). In
 
 Marshall,
 
 the court held that
 

 [a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida’s long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida.
 

 39 So.3d at 1216. In
 
 Marshall,
 
 the nonresident owner and operator of the website personally posted defamatory statements regarding the plaintiff company.
 
 Id.
 
 at 1202-03.
 
 Marshall
 
 did not address the application of the corporate shield doctrine. As noted above, Zylstra did not personally own the website and denied, without any refuting evidence, personally making any posts on the website relating to Two Worlds. Therefore, the holding in
 
 Marshall
 
 is inapplicable to this case.
 

 Two Worlds also claims that the trial court has personal jurisdiction over Zylstra pursuant to section 48.193(2), the general jurisdiction provision of Florida’s long-arm statute, which provides that “a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.” “Substantial and not isolated activity” is that which is “continuous and systematic.”
 
 Bafitis v. Ara,
 
 815 So.2d 702, 703 (Fla. 3d DCA 2002). Zylstra testified that he has not lived in Florida since 1994 and that he comes to Florida only a few times a year to visit friends and family. His contacts in Florida are insufficient to satisfy section 48.193(2).
 
 See Radcliffe,
 
 902 So.2d at 972 n. 4 (holding that “sporadic or occasional family vacations” to Florida are “insufficient” to establish general jurisdiction under section 48.193(2)). For this same reason, the minimum contacts necessary to meet the due process requirements for long-arm jurisdiction are lacking.
 
 See id.
 
 at 973.
 

 III. Conclusion
 

 We conclude that the trial court properly determined that Two Worlds did not establish personal jurisdiction over Zyls-tra. Accordingly, we affirm the trial
 
 *1179
 
 court’s order dismissing Two Worlds’ complaint against Zylstra.
 

 DAVIS and SILBERMAN, JJ., Concur.